**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 26-cv- 26940-KUNTZ**

**MIGUEL HIRAN BERNAZAL**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOM ENFORCEMENT**

Respondent,
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Rafael Sanchez ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner argues that their detention exceeds 180 days and there is unlawful. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). [ECF No. 1]. After careful consideration, the Petition [ECF No. 1] is **DENIED**.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). After an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* However, the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal, with the presumption that for the first six months, detention is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701. Thus, to state a *Zadvydas* claim, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish

that there's no significant likelihood of removal in the foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner makes only vague claims that the Court construes as rising under *Zadvydas*. Petitioner states that he has spent over "180 days" in custody for removal proceedings across two separate detention periods, with the current detention period beginning on June 18, 2026. [ECF No. 1]. It is unclear from the Petition when Petitioner was first detained, but it appears to have occurred sometime in the past. Regardless, this does not affect the outcome of the Petition.

Courts are split as to when the six-month period begins. Courts in this Circuit have determined that each period of detention restarts the removal-period clock. *See e.g.*, *Barrios v. Ripa*, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025); *Viel-Lariot v. Dep't of Homeland Sec.*, 2026 WL 815848, at *1 (S.D. Fla. Mar. 24, 2026). Other courts have aggregated all periods of detention following an order of removal, regardless of whether there were any intervening periods of release from custody between periods of detention. *See, e.g.*, *Jaranow v. Bondi*, 2026 WL 35864, at *3 (W.D. Wash. Jan. 6, 2026).

This Court interprets that each new detention period restarts the removal period. If the Court were to aggregate the detention periods, it would greatly frustrate the ability for the government to detain aliens subject to removal. In other words, it would grant a permanent "get-out-of-jail-free" card to Petitioner or any other detainee who has been held for more than six months at any time in the past. *See Meskini v. Att'y Gen. of United States*, 2017 WL 1321576, at *3 (M.D. Ga. Mar. 14, 2018).

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE** and **ORDERED** in Chambers in Fort Lauderdale, Florida on October 5, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

Cc: counsel of record
petitioner, *pro se*